**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-2489-CMA-CBS

PGH INVESTMENT, L.P., a Virginia limited partnership, in its own capacity and as assignee of WILTON DEVELOPMENT OF STEAMBOAT, LLC, a Virginia limited liability company,

        Plaintiffs,

v.

COLORADO GROUP REALTY, LLC, a Colorado limited liability company, and RANDALL HANNAWAY, an individual,

        Defendants.

**PLAINTIFF'S OBJECTION TO THE HBK DEFENDANTS' NOTICE OF SETTLEMENT**

Plaintiff, PGH Investment, L.P. ("PGH"), in its own capacity and as the assignee of Wilton Development of Steamboat, LLC ("WDS"), by and through its counsel, **MOYE WHITE LLP** and **TUELLER & ASSOCIATES, P.C.**, hereby files this Objection to the HBK Defendants' Notice of Settlement.

On September 6, 2012, counsel for Jill Brabec and Holloway, Brabec & Karet, P.C. (the "HBK Defendants") filed a Notice of Settlement with this Court.[1] The filing is a nullity because the parties had already, on September 4, 2011, filed a Stipulation to

---

[1] Notably, Plaintiff was not a party to this settlement or even informed of it before its consummation; rather the HBK Defendants improperly and secretly sought to settle this case directly with the manager of a limited liability company that is the manager of Wilton Development of Steamboat, LLC. As this Court was divested of jurisdiction of this matter by the parties voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the settlement issue (or lack thereof) will be taken up in the Routt County District Court, where Plaintiff's derivative claims against the HBK Defendants are now pending in case number 2012CV126.

Dismiss as to the HBK Defendants, executed by all parties, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Under well-established Tenth Circuit case law, a dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), is self-executing and dismisses the case without a court order, if all parties stipulate thereto, which they did.  *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits"); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating that a Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end.").  As such, the HBK parties were dismissed as of September 4, 2012, and any action undertaken in this Court with respect to the HBK Defendants, such as the Notice of Settlement filed on September 6, is a nullity.

Further, the fact that the case by PGH against the HBK Defendants was putatively derivative does not create an impediment to this result, because the dismissal was the result of recent court rulings and not a voluntary settlement of the derivative action.  *Burks v. Lasker*, 441 U.S. 471, 485, n.16; 99 S. Ct. 1831; 60 L. Ed. 2d 404 (1979) ("As an alternative ground in support of the judgment below, respondents urge that Fed. Rule Civ. Proc. 23.1 prohibits termination of this derivative action. That Rule states that a derivative action "shall not be dismissed or compromised without the

approval of the court . . . ." However, as Judge Friendly noted with respect to former Rule 23(c), those words apply only to voluntary settlements between derivative plaintiffs and defendants, and were intended to prevent plaintiffs from selling out their fellow shareholders. They do not apply where the plaintiffs' action is involuntarily dismissed by a court, as occurred in this case.

While this case was voluntarily dismissed, such was based on the Court's Order and comments at the August 20, 2012 hearing.  Specifically, PGH voluntarily dismissed the HBK Defendants based upon the Court's Order denying PGH's motion to amend the scheduling order to add a necessary party to the derivative action and the Court's indication that such party would not be permitted to be added by virtue of any ruling on the HBK Defendants' motion to dismiss for failure to add an indispensable party.

As such, this case was dismissed and the Court divested of jurisdiction of the claim against the HBK Defendants as of September 4, 2012, and any action thereafter taken by the HBK Defendants or by the Court vis-à-vis the HBK Defendants is void.

DATED:  September 13, 2012

        **MOYE WHITE LLP**

By: */s/ Eric B. Liebman*
Eric B. Liebman, Esq. (#27051)
Shannon M. Bell, Esq. (#35440)
Dean E. Richardson, Esq. (#35349)
16 Market Square, 6th Floor
1400 16th Street
Denver, Colorado 80202-1486
Telephone:   (303) 292-2900
Facsimile:     (303) 292-4510

**TUELLER & ASSOCIATES, P.C.**
Douglas R. Tueller, Esq. (#12958)
Ryan D. Mousel, Esq. (#35798)
307 East Colorado Avenue, Suite 201
Telluride, Colorado  81435-3153
Telephone:   (970) 728-5775
Facsimile:     (970) 728-5898

*Attorneys for PGH Investment, L.P.*

## **CERTIFICATE OF SERVICE**

  I certify that on September 13, 2012, I electronically served the foregoing on the following individuals named below using the CM/ECF system and/or electronic mail, where noted:

**G. Roger Bock, Esq.**
Frascona, Joiner, Goodman and Greenstein, P.C.
4750 Table Mesa Drive
Boulder, Colorado  80305-5541
Email:  roger@frascona.com

**Daniel R. McCune, Esq.**
**Gwen M. Rogers, Esq.**
Kennedy Childs, P.C.
633 17th Street, Suite 2200
Denver, CO  80202
Email:  dmccune@kennedychilds.com
Email:  grogers@kennedychilds.com

**Kenneth L. Levinson, Esq.**
Balaban, Levinson & Costigan, P.C.
1745 Lafayette Street
Denver, Colorado  80218-1116
Email:  kll@ballev.com

**Kenneth W. Owens**
2717 Willard Road
Richmond, VA 23294-3631
Email:  kwo@pghinv.com

            */s/ Deanna S. Colvin*
            Deanna S. Colvin

5