**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-2489-CMA-CBS

PGH INVESTMENT, L.P., a Virginia limited partnership, in its own capacity and as assignee of WILTON DEVELOPMENT OF STEAMBOAT, LLC, a Virginia limited liability company,

        Plaintiff,

v.

COLORADO GROUP REALTY, LLC, a Colorado limited liability company, and RANDALL HANNAWAY, an individual,

        Defendants.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF SEPTEMBER 13 ORDER GRANTING FORMER DEFENDANTS HOLLOWAY, BRABEC & KARET, P.C. AND JILL BRABEC'S MOTION TO DISMISS WITH PREJUDICE**

---

Plaintiff PGH Investment, L.P. ("PGH"), in its own capacity and as the assignee of Wilton Development of Steamboat, LLC ("WDS"), by and through its counsel, **MOYE WHITE LLP** and **TUELLER & ASSOCIATES, P.C.**, hereby files this Motion For Reconsideration Of September 13 Order Granting Former Defendants Holloway, Brabec & Karet, P.C. and Jill Brabec's Motion to Dismiss with Prejudice.

## Conferral

The undersigned conferred with counsel for former Defendants Holloway, Brabec & Karet, P.C. and Jill Brabec, who stated that he was still researching the issues raised herein and that he currently opposed the Motion.

## I. Introduction

On September 4, 2012, the parties to this case – including the then-HBK Defendants – all executed and submitted a Stipulation of Dismissal ("September 4 Stipulation") as to Holloway, Brabec & Karet and Jill Brabec, P.C. (the "Former HBK Defendants"). From that juncture, under the law of the Tenth Circuit, the Former HBK Defendants were dismissed from this case ***without prejudice***, and this Court was ***divested of jurisdiction*** over the HBK Defendants. Nevertheless, on September 11, the Former HBK Defendants filed a Motion to Dismiss Based on Settlement.[1] The Court granted this Motion on September 13, dismissing the HBK Defendants ***with prejudice*** ("September 13 Order").

PGH respectfully requests that the Court withdraw its September 13 Order granting the Former HBK Defendants' Motion to Dismiss with prejudice, as such was entered after the Court was divested of jurisdiction by the self-executing voluntary dismissal, executed by all parties, and previously filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

## II. Legal Standard

While there is no federal or local rule governing motions for reconsideration, the 10th Circuit has found that such motions are appropriate if there is "(1) an intervening

---

[1] Notably, ***Plaintiff was not a party to this settlement or even informed of it before its consummation***; rather the HBK Defendants ***improperly and secretly sought to settle this case directly*** with the manager of a limited liability company that is the manager of Wilton Development of Steamboat, LLC. As this Court was divested of jurisdiction of this matter by the parties' voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the settlement issue (or lack thereof) will be taken up in the Routt County District Court, where Plaintiff's derivative claims against the HBK Defendants are now pending in case number 2012CV126.

change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Indeed, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "A district court has considerable discretion in ruling on a motion to reconsider." *Roe v. Catholic Health Initiatives Colo.,* 2012 U.S. Dist. LEXIS 56201, at * 3 (D. Colo. Apr. 23, 2012) (*citing Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997)). Here, respectfully, the Court's September 13 Order dismissing the Former HBK Defendants with prejudice should be withdrawn to correct clear error.

### III. Argument

As stated above, all parties to this action as of September 4, 2012, including the Former HBK Defendants, executed and submitted the September 4 Stipulation to the Court, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See* ECF. No. 74. Under well-established Tenth Circuit case law, a dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), is **self-executing and dismisses the case without a court order**, if all parties stipulate thereto, which they did. *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits"); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating that a Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the

3

court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end.").

As such, when the HBK parties were dismissed without prejudice[2] as of September 4, 2012, the dismissal was self-executing, effective upon filing, and ***divested the Court of jurisdiction as of that date***. On September 6, 2012, counsel for the Former HBK Defendants filed a Notice of Settlement with this Court, which was followed on September 11, 2012, by a Motion to Dismiss With Prejudice. ECF Nos. 76 & 77. These filings are a nullity by virtue of the Stipulation and the above-cited case law.

Further, the fact that the case by PGH against the HBK Defendants was putatively derivative does not create an impediment to this result, because the dismissal was the result of recent court rulings and not a voluntary settlement of the derivative action. *Burks v. Lasker*, 441 U.S. 471, 485, n.16; 99 S. Ct. 1831; 60 L. Ed. 2d 404 (1979) ("As an alternative ground in support of the judgment below, respondents urge that Fed. Rule Civ. Proc. 23.1 prohibits termination of this derivative action. That Rule states that a derivative action 'shall not be dismissed or compromised without the approval of the court . . . .' However, as Judge Friendly noted with respect to former Rule 23(c), those words apply only to voluntary settlements between derivative plaintiffs and defendants, and were intended to prevent plaintiffs from selling out their fellow

---

[2] As the September 4 Stipulation did not state whether or not the dismissal to which the parties stipulated was with or without prejudice, the dismissal was without prejudice by operation of Rule 41(a)(1)(B).

4

shareholders. They do not apply where the plaintiff's action is involuntarily dismissed by a court, as occurred in this case." (citation omitted)).

While this case was voluntarily dismissed, such was based on the Court's order and comments at the August 20, 2012, hearing. Specifically, PGH voluntarily dismissed the Former HBK Defendants based upon the Court's August 20 order denying PGH's motion to amend the scheduling order to add a necessary party to the derivative action and the Court's further indication that this result would not be altered by any ruling on the Former HBK Defendants' then-pending motion to dismiss for failure to add an indispensable party.

In these circumstances, a motion for reconsideration is warranted. This is not a situation in which a losing party is attempting to revisit issues that have already been addressed by the Court. Rather, PGH seeks to correct a clear error in which the Court ruled on a motion and issued the September 13 Order, which putatively changes the September 4 Stipulation dismissal from one without prejudice to one with prejudice, after being divested of jurisdiction.

This may be significant, because the Stipulation was entered based upon recent rulings from the Court that made it advisable for PGH to dismiss the matter in this Court and re-file it in the Routt County District Court, which PGH did on September 4, 2012, and was assigned case number 2012CV126. And further because, as noted in footnote 1, PGH was not a party to the settlement and opposes same on a variety of grounds. Due to the jurisdictional divesting nature of the Stipulation, however, PGH respectfully states that this is now a matter to be taken up with the Routt County District Court, as it

is the only court with jurisdiction over the case between PGH (in its various capacities) and the Former HBK Defendants.

## IV. Conclusion

For these reasons, PGH respectfully requests this Honorable Court reconsider its Order granting the motion to dismiss with prejudice of Former Defendants Holloway, Brabec & Karet, P.C. and Jill Brabec and withdraw same because the motion to dismiss and consequent order were issued after the Court was divested of jurisdiction by the September 4 Stipulation.

DATED:  September 19, 2012

**MOYE WHITE LLP**

By: */s/ Eric B. Liebman*
Eric B. Liebman, Esq. (#27051)
Shannon M. Bell, Esq. (#35440)
Dean E. Richardson, Esq. (#35349)
16 Market Square, 6th Floor
1400 16th Street
Denver, Colorado 80202-1486
Telephone:   (303) 292-2900
Facsimile:    (303) 292-4510

**TUELLER & ASSOCIATES, P.C.**
Douglas R. Tueller, Esq. (#12958)
Ryan D. Mousel, Esq. (#35798)
307 East Colorado Avenue, Suite 201
Telluride, Colorado  81435-3153
Telephone:   (970) 728-5775
Facsimile:    (970) 728-5898

*Attorneys for PGH Investment, L.P.*

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2012, I electronically served the foregoing on the following individuals named below using the CM/ECF system and/or electronic mail, where noted:

**G. Roger Bock, Esq.**
Frascona, Joiner, Goodman and Greenstein, P.C.
4750 Table Mesa Drive
Boulder, Colorado 80305-5541
Email: roger@frascona.com

**Kenneth L. Levinson, Esq.**
Balaban, Levinson & Costigan, P.C.
1745 Lafayette Street
Denver, Colorado 80218-1116
Email: kll@ballev.com

**Daniel R. McCune, Esq.**
**Gwen M. Rogers, Esq.**
Kennedy Childs, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
Email: dmccune@kennedychilds.com
Email: grogers@kennedychilds.com

/s/ Jackie DeLay

7