IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02489-CMA-CBS

PGH INVESTMENT, L.P., a Virginia limited partnership, in its own capacity and
   as Assignee of Wilton Development of steamboat, LLC, a Virginia limited liability
   company,

   Plaintiff,
v.
COLORADO REALTY GROUP, LLC, a Colorado limited liability company, and
RANDALL HANNAWAY, an individual,

   Defendants.

**ORDER GRANTING MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff PGH Investment, L.P.'s ("PGH") Motion for Reconsideration of the Court's September 13 Order Granting Former Defendants Holloway, Brabec & Karet, P.C. and Jill Brabec's (collectively, "HBK") Motion to Dismiss with Prejudice. (Doc. # 86.)  For the reasons discussed below, the motion is GRANTED and the claims against HBK are DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

On September 22, 2011, PGH filed this suit in U.S. District Court against Defendants Colorado Reality Group, LLC and Randall Hannaway alleging various claims, including negligence, common law fraudulent misrepresentation, securities fraud, civil conspiracy, accounting, unjust enrichment, and breaches of operating

agreements for capital contribution, duty of care, and fiduciary duty. (Doc. # 1.) The Court had diversity jurisdiction over the suit. *Id.*

In the Second Amended Complaint, PGH added a derivative action on behalf of Wilton Development of Steamboat, LLC ("WDS") against HBK. (Doc. # 25.) But, WDS was not joined as party to the newly pled derivative claim. (*See* Doc. # 35.)¹ PGH filed a Third Amended Complaint to add WDS as a plaintiff, (Doc. # 38), but Magistrate Judge Shaffer struck the complaint because PGH was not granted leave to amend it, (Doc. # 45). Magistrate Judge Shaffer also denied PGH's subsequent Motion for Leave to Amend Scheduling Order, (Doc. # 47).² (Doc. # 66.) Therefore, the deadline passed for PGH to add WDS as a party. (*See* Doc. # 66).

PGH filed a stipulation to dismiss the claims against HBK, pursuant to Fed. R. Civ. Pr. 41(a)(1)(A)(ii), which was signed by all parties. (Doc. # 74.) On the same day, PGH filed a derivative suit against HBK in state court. *See PGH Investments, L.P. v. Holloway, Brabec & Karet, P.C.*, 2012CV126 (Routt Co. Dist. Ct., Colo., J. Thomas Ossola) (filed Sept. 4, 2012). This Court terminated HBK as parties per the stipulation. Despite this, HBK filed a Notice of Settlement with this Court, reporting that Brabec had settled with WDS on September 6, 2012. (Doc. # 76.) PGH did not sign this notice, (*see* Doc. # 76), or the actual settlement, (*see* Doc. # 77-1). HBK filed an opposed

---

¹ On September 14, 2012, the Motion to Dismiss for Failure to Join an Indispensable Party, (Doc. # 35), was denied as moot after the subsequent order on the Motion to Dismiss with Prejudice, (Doc. # 81), was granted. (Doc. # 83).

² During the hearing to address the motion, Magistrate Judge Shaffer indicated that the WDS would not be joined by court order, and suggested that PGH file the derivative claims in a separate lawsuit in federal court or in state court. Motions Hearing at 3:28 – 3:31, No. 11-cv-02489-CMA-CBS (August 20, 2012).

Motion to Dismiss with Prejudice based on the settlement, (Doc. # 77), and the Court granted it on September 13, 2012, (Doc. # 81).

HBK filed a motion for summary judgment in state court to dismiss PGH's lawsuit, asserting that this Court's dismissal with prejudice, predicated by the settlement between WDS and HBK, barred further action in state court. (*See* Doc. # 92-1 at 6.) On September 19, 2012, PGH filed a motion with this Court to reconsider the order granting HBK's motion to dismiss with prejudice. (Doc. # 86.) In the interim, the state court has declined to rule on the HBK's Motion for Summary Judgment without a ruling from this Court on PGH's Motion for Reconsideration. (*See* Doc. # 118.) On March 3, 2013, this Court reopened the case solely to address PGH's motion, (Doc. # 86), HBK's Response, (Doc. # 89), and PGH's Reply, (Doc. # 92).

## II.  **STANDARD OF REVIEW**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Under Rule 59, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. Fed. R. Civ. P. 59(e). Because PGH filed its motion six days after the judgment was entered, the Court will review it under Rule 59. *See Van Skiver*, 952 F.2d at 1243 (a motion to reconsider should be construed as filed pursuant to Rule 59 when it is filed within the time limit set forth in Rule 59(e)).

The three main grounds that justify reconsideration are: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

### III.  ANALYSIS

#### A.   APPLICABILITY OF FED. R. CIV. P. 23.1

PGH argues that the September 4, 2012 Stipulation to Dismiss its claims against HBK stripped the Court of jurisdiction; therefore, the Court's subsequent Dismissal with Prejudice, (Doc. # 81), was void.  HBK contends that PGH was required to seek court approval and file notice to shareholders in order to properly dismiss a derivative claim pursuant to Rules 41 and 23.1.  (Doc. # 89 at 3-7.)  Thus, because PGH did neither, the stipulated dismissal was void and the dismissal with prejudice stands.  (*Id.*)

Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a voluntary dismissal by plaintiffs without court approval by filing a stipulation of dismissal signed by all parties who have appeared.  Rule 41 is also subject to Fed. R. Civ. P. 23.1(c).  Fed. R. Civ. P. 41(a)(1)(A).  Fed. R. Civ. P. 23.1(c) further requires:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

Rule 23.1 applies only to derivative actions. "The term 'derivative action,' . . . appl[ies] only to those actions in which the right claimed by the shareholder is one the corporation could itself have enforced in court." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 529 (1984); *see* 10 Fed. Proc., L. Ed. § 25:4. A derivative action permits an individual shareholder to bring suit to enforce a corporate cause of action against officers, directors, and third parties. *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 95 (1991). A claim pursued by a shareholder in derivative suit "is not the shareholder's own, but his or her corporation's." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522 & n.2 (1949). "The corporation is a necessary party to the [derivative] action; without it the case cannot proceed." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). Thus, shareholders' failure to join the corporation is a fatal defect to maintenance of a derivative action on behalf of a corporation. *See Hazen v. S. Hills Nat'l. Bank of Tulsa*, 414 F.2d 778, 779-80 (10th Cir. 1969) (affirming dismissal for failure to join corporation as indispensable party). A claim on behalf of a corporation is not considered a "derivative action" until the corporation is named as a party. *See Gostin v. Nelson*, 213 F. Supp. 164, 166-67 (D. Del. 1962) (plaintiff's action could not be considered a derivative action because it failed to conform to the pleading requirements and did not list the corporation as a party).

In the instant case, neither party disputes that WDS was a necessary party for PGH's derivative claims. (*See* Doc. ## 35 at 3, 55 at 6.) Yet, in the Second Amended Complaint, PGH claimed to bring suit on behalf of WDS, but did not add WDS as a party. (*See* Doc. # 25.) Thus, the Second Amended Complaint did not institute a

derivative action and Rule 23.1(c) did not govern.[3] *See Marcus v. Textile Banking Co.*, 38 F.R.D. 185, 186 (S.D.N.Y. 1965) ("While plaintiffs continuously classify the action as a derivative one, they have failed . . . to join the corporation as a party, a fatal defect."); *Gostin*, 213 F. Supp. at 166-67 (joining the corporation as a party in a complaint is a prerequisite to bringing a derivative suit.) Thus, the parties needed only to follow the requirements of Fed. R. Civ. P. 41 to voluntarily dismiss claims. *See* Fed. R. Civ. P. 41(a)(1)(A).

Rule 41 allows a plaintiff to dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. *Id.* PGH filed a stipulation of dismissal that was signed by all parties, including HBK. (*See* Doc. # 74). Therefore, the Court finds that the Stipulation of Dismissal was valid and this Court was divested of jurisdiction to rule on HBK's motion to dismiss with prejudice. *See De Leon v. Marcos,* 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits"); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (Under Rule 41(a)(1)(A)(i), a "voluntary dismissal is . . . effective at the moment the notice is filed with the clerk and no judicial approval is required."); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end.")

---

[3] HBK themselves argued in a motion to dismiss that there was no valid derivative claim because Plaintiff had failed to join the corporation WDS. (*See* Doc. # 35 at 3-6.)

Moreover, an examination of the rationale behind the requirements in Rule 23.1(c) reveals its inapplicability to the stipulated dismissal. Notice and court approval of a dismissal or compromise of a shareholder-derivative suit is intended to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and attorney personally profit to the exclusion of the corporation and the other shareholders. 7C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, *Federal Practice and Procedure* § 1839 (3d ed.). Thus, dismissals, as well as settlements, are included in Rule 23.1 to prevent an agreed upon dismissal from being a cloak for a private settlement. *Id.*; *see Marcus,* 38 F.R.D. at 188 (dismissal of stockholders' derivative action for lack of personal jurisdiction was "surely not a 'compromise or voluntary dismissal' contemplated by Rule 23(c).") "Because most shareholder-derivative suits involve large sums of money, it was feared that if defendants were able to 'buy off' plaintiffs by means of unsupervised out-of-court settlements, the result would be the institution of many stockholder suits of doubtful merit simply to enrich plaintiff and plaintiff's lawyer." 7C Charles Alan Wright, et al., *Federal Practice and Procedure* § 1839 (3d ed.).

HBK correctly points out that in a decision not binding on this Court, the Third Circuit concluded that "the notice requirement of Rule 23.1 is not restricted to dismissals following settlements, but extends as well to voluntary dismissals under Rule 41(a)." [4]

---

[4] The Court notes that this decision predates *Burks v. Lasker*, in which the Supreme Court observed that the notice and approval requirements in Fed. R. Civ. P. 23.1 apply only to "voluntary settlements between derivative plaintiffs and defendants." 441 U.S. 471, 485 n. 16 (1979). While the Court does not read this footnote as broadly as PGH, it further supports this Court's determination that Rule 23.1 does not apply to the stipulation because it did not dismiss

7

*Cramer v. Gen. Tel. & Electronics Corp.*, 582 F.2d 259, 269 (3d Cir. 1978), *certiorari denied* 439 U.S. 1129. However, the policy underpinning this decision is not in force in the case at bar. Here, PGK filed the same derivative claims, this time with WDS as party, in state court on the same day that PGK filed the stipulation of dismissal. Indeed, during the August 20, 2012 hearing, Magistrate Judge Shaffer suggested that PGK file a valid derivative claim with WDS attached in a separate lawsuit in federal court or in state court. Motions Hearing at 3:28 – 3:31, No. 11-cv-02489-CMA-CBS (August 20, 2012).

Hence, under the particular facts of this case, there are no concerns that HBK was able to "buy off" PGK to the exclusion of the corporation and the other shareholders, or PGK had a "change of heart." *See Marcus,* 38 F.R.D. at 188. Nor are there concerns that dismissal of this action pursuant to the stipulation would "foreclose any other shareholder from pursuing the claim asserted in this case." *See Grima v. Applied Devices Corp.*, 78 F.R.D. 431, 432 (E.D.N.Y. 1978) (voluntary dismissal may result in an "insurmountable statute of limitations hurdle"). And, "there are no shareholders whose interests might be or could be in any way adversely affected or prejudiced by not being given or not receiving notice of the dismissal." *See Daugherty,* 43 F.R.D. at 336. Therefore, this Court's determination that Rule 23.1 requirements do not apply is consistent with the concerns that foster the protections behind the rule. *See Creighton v. Taylor*, 1990 WL 181533 * 1 (D. Conn. Oct. 22, 1990) (voluntary dismissal

---

the derivative action, and the dismissal was not between derivative plaintiffs and defendant. In addition, this is dictum, not a holding, as PGH states in its reply brief. *See Tate v. Showboat Marina Casino Partnership*, 431 F.3d 580, 582 (7th Cir. 2005) ("[T]he holding of a case includes . . . the reasoning essential to that outcome.")

pursuant to Rule 41(a)(1) is valid Rule 23.1 does not apply where the policy concerns behind the rule are not implicated and plaintiff intends to refile the action in state court).

Upon consideration of the entire file, the Court GRANTS the Motion for Reconsideration to correct clear error and prevent manifest injustice. *See Servants of the Paraclete*, 204 F.3d at 1012.

**B.     HBK'S MOTION TO RECONSIDER**

HBK further argue in their response that the Court should nonetheless retain jurisdiction and treat HBK's Motion to Dismiss with Prejudice, (Doc. # 77), as a motion to reconsider pursuant to Fed. R. Civ. P. 59 or 60(b)(6). (Doc. # 89). The Court denies the HBK's request for several reasons. First, the Local Rules require that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1. Second, HBK's Motion to Dismiss does not make an argument for the relief pursuant to Rule 60(b). *See Servants of the Paraclete*, 204 F.3d at 1012 (discussing the grounds for Rule 60(b) relief). Third, HBK's response cannot revive the underlying motion. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). And fourth, HBK themselves signed the Stipulation of Dismissal, dismissing claims against them, from which they now seek relief. *See* 3 Motions in Federal Court § 9:69 (3d ed.) ("Rule 60(b) cannot be used to relieve the movant from ill-advised strategic decision"); *Allinsmith v. Funke*, 421 F.2d 1350, 1351 (6th Cir. 1970) (the court would not grant a 60(b)(6) motion to vacate a consent signed by all parties when some of the parties changed their minds the next day).

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that PGH's Motion for Reconsideration of the Court's September 13 Order Granting Former Defendants Holloway, Brabec & Karet, P.C. and Jill Brabec's Motion to Dismiss with Prejudice, (Doc. # 86), is GRANTED and the Court's Order of Dismissal with Prejudice, (Doc. # 81), is VACATED. It is

FURTHER ORDERED that the claims against Former Defendants HBK and Jill Brabec, are DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that PGH's request for a hearing on this motion is DENIED.

DATED:  May   03  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge